UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 13-6830-GW(PJWx) | Date | March 17, 2014 |
| Title | *Leah Manzari v. Associated Newspapers, Ltd., et al.* | | |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Katie Thibodeaux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

Steven L. Weinberg                    Katherine M. Bolger - by telephone
                                                            Louis P. Petrich

**PROCEEDINGS:**     **STATUS CONFERENCE**


The Court's Tentative Ruling after Consideration of Supplemental Briefing on Defendant's Motion to Dismiss, is circulated and attached hereto. Court hears further argument. The Court, as indicated on the record, orders Defendant to file a proposed order by close of business today. Plaintiffs' response will be filed by noon on March 19, 2014. The Status Conference is continued to **March 20, 2014 at 8:30 a.m.**

                                                                                                :      13

                                                            Initials of Preparer   JG

***Leah Manzari p/k/a/ Danni Ashe v. Associated Newspapers Ltd., et al.***; Case No. 13-CV-6830-GW(PJWx); Tentative Ruling after Consideration of Supplemental Briefing on Defendant's Motion to Dismiss

## I. Background

On February 3, 2014, the Court denied Associated Newspapers Ltd.'s ("ANL" or "Defendant") Special Motion to Strike under Cal. Civ. Proc. Code § 425.16 and denied-in-part Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See generally* Docket Nos. 36, 37. The Court concluded that while Plaintiff had sufficiently pled and established a reasonable probability of success on her claim that Defendant's Article conveyed a defamatory implication that she tested positive for HIV, Plaintiff had probably not adequately alleged that she was defamed by any "hard-core" or "unchaste" implication created by the Article. *See id.*[1] The parties' supplemental briefing on that question is now before the Court. *See generally* Docket Nos. 45-46.[2]

## II. Legal Standards

Plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed for failure to state a claim upon which relief can be granted for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) ("Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."). A motion to dismiss should be granted if the complaint

---

[1] As is clear from its prior analysis, the Court concluded that Defendant satisfied the threshold showing that Plaintiff's Causes of Action arose from protected activity. *See, e.g.*, Docket No. 36 at 8 n. 6 (declining to consider Plaintiff's contentions that the Article did not address an issue of public interest or that Defendant did not act in furtherance of the public interest in writing the article). However, the Court denied the anti-SLAPP motion in its entirety because once "a plaintiff shows a probability of prevailing on any part of its claim, the plaintiff *has established* that its cause of action has some merit and the entire cause of action stands." *Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 820 (2011) (citing *Mann v. Quality Old Time Service, Inc.*, 120 Cal. App. 4th, 105 (2004) (emphasis in original)). For the purposes of the anti-SLAPP motion, "a court need not engage in the time-consuming task of determining whether the plaintiff can substantiate all theories presented within a single cause of action and need not parse the cause of action so as to leave only those portions it has determined have merit." *Id.*; *see also Burill v. Nair*, 217 Cal. App. 4th 357, 379 (2013). Plaintiff's Causes of Action here challenged *both* the implication that Plaintiff was HIV positive *and* the implication that she performed in hardcore pornography and/or was unchaste. *See* Compl. ¶¶ 36-55. Thus, while the Court denied the anti-SLAPP motion due to the HIV positive implication targeted by both Causes of Action, that determination is obviously separate from whether, as a matter of Fed. R. Civ. P. 12(b)(6), Plaintiff sufficiently states claims for libel and false light based on the implication that she is unchaste and performed in hardcore pornographic films.

[2] Because Plaintiff's defamation and false light claims are based on the same facts, the Court addresses them together in its analysis. *See* Docket No. 36 at 8 n.6.

does not proffer enough facts to state a claim for relief that is plausible on its face. *See Twombly*, 550 U.S. at 558-59; *see also William O. Gilley Enters., Inc. v. Atlantic Richfield Co.*, 588 F.3d 659, 667 (9th Cir. 2009) (confirming that *Twombly* pleading requirements "apply in all civil cases"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

In deciding a 12(b)(6) motion, the court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable and other extrinsic documents when "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The court must construe the complaint in the light most favorable to the plaintiff and must accept all factual allegations as true. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court must also accept as true all reasonable inferences to be drawn from the material allegations in the complaint. *See Barker v. Riverside County Office of Ed.*, 584 F.3d 821, 824 (9th Cir. 2009); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). Conclusory statements, unlike proper factual allegations, are not entitled to a presumption of truth. *See Iqbal*, 556 U.S. at 681; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

### III. Analysis

Plaintiff argues that while the Article itself does not mention the terms hardcore or soft-core, the "type of filming" discussed in the Article is "obvious to any reader." Docket No. 46 at 10. Plaintiff reasons that because the Article was about the use of condoms in the filming of pornographic movies and the health risks associated from the failure to use them, and "prominently featured an image of a partially clothed male and female couple on a couch being photographed in what appears to be the inception of a hardcore sex scene[,]" a jury could reasonably find that Plaintiff was falsely associated with "hardcore" content. *Id.* In addition, Plaintiff contends that only performers engaging in hardcore sex penetration would be at a risk for HIV, and thus the Article's headlines that a "female performer" shut down the "porn industry" by testing positive for HIV conveyed the implication that Plaintiff was engaging in hardcore, unchaste acts that could plausibly lead to infection. *Id.* at 10-11.

"California law recognizes that a defamatory statement can be 'expressly stated or implied.'" *Price v. Stossel*, 620 F.3d 992, 1003 (9th Cir. 2010) (citing *Forsher v. Bugliosi*, 26 Cal. 3d 792, 803 (1980)). "If the defendant juxtaposes a series of facts so as to imply a defamatory connection between them, or otherwise creates a defamatory implication, he made by held responsible for the defamatory implication, even though the particular facts are correct." *Weller v. Am. Broad. Co.*, 232 Cal. App. 3d 991, 1003 n.10 (1991) (quoting Prosser, The Law of Torts § 116 (5th ed. Supp. 1988)) (internal alterations omitted). "To state a claim for implied defamation, however, the published statement must reasonably 'be understood as implying the alleged defamatory content.'" *Price*, 620 F.2d at 1003 (citation omitted). "This threshold requirement, derived from the common law, is independent of any constitutional requirements that would otherwise protect speech." *Id.* (citation omitted).

"In a defamation action against a newspaper by a private person suing over statements of public concern . . . the First Amendment places the burden of proving falsity on the *plaintiff*." *Eisenberg v. Alameda*, 74 Cal. App. 4th 1359, 1382 (1999) (citing *Philadelphia Newspapers v. Hepps*, 475 U.S. 767, 768-69 (1986)).[3] "As a matter of constitutional law, therefore, media statements on matters of public interest, *including* statements of *opinion* which reasonably imply a knowledge of facts, 'must be provable as false before there can be liability under state defamation law.'" *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18-20 (1990) (emphasis in original) (citation omitted). "Whether a statement contains provably false factual assertions is a question of law for the court to decide." *Eisenberg*, 74 Cal. App. 4th at 821 (citations omitted).

When assessing whether the statement is reasonably susceptible of an interpretation that implies a provably false assertion of fact, the court examines "whether the reasonable or 'average' reader would so interpret the material." *McGarry v. Univ. of San Diego*, 154 Cal. App. 4th 97, 124 (2007) (citations omitted). "The 'average reader' is a reasonable member of the audience to which the material was originally addressed." *Id.* (citing *Couch v. San Juan Unified School Dist.*, 33 Cal. App. 4th 1491, 1500 (1995)). If it is equally of both an innocent and libelous construction, it is for the jury to decide how the statement was understood. *See Franklin v. Dynamic Details, Inc.*, 116 Cal. App. 4th 375, 385 (2004).

Here, the Court would find that even if the Article implies that Plaintiff performed in hardcore pornography or is "unchaste,"[4] such implications are not provably false. As the Court previously indicated, Plaintiff does not credibly dispute that she worked extensively in at least *some type* of pornography, and she has not adequately pled how a publication implying that she worked in pornography defames or harms her – particularly given that Plaintiff's work is purportedly still readily available and downloaded every day. *See, e.g.,* Bolger Decl. Exs. C, D, E, F. In fact, Plaintiff explicitly named her adult entertainment website "Danni's *Hard Drive*" – a double entendre which escapes neither Defendant nor this Court. Compl. ¶ 7; *see also* Patchen Barass, The Erotic Engine: How Pornography Has Powered Mass Communication from Gutenberg to Google, 170 (Random House 2011) (describing Plaintiff's brand as "the most obvious double entendre in the computing universe"). More to the point for the purposes of her "hard-core" and "unchaste" arguments, the Court has taken judicial notice of many of the performances Plaintiff gave throughout

---

[3] The parties dispute whether Plaintiff is a public or private person for the purposes of the defamation analysis. However, as further explained below, even assuming the more lenient standards governing private person plaintiffs are applicable to this aspect of Plaintiff's suit (a debatable proposition given her lengthy and well-documented career in adult entertainment), the Court would find that her claims premised on the alleged "hardcore" and "unchaste" implications are subject to dismissal. Moreover, it cannot seriously be denied that the Article's discussion of the HIV-positive test result in the adult film industry related to a matter of public concern.

[4] "Pornography" is defined by Merriam-Webster as "movies, pictures, magazines, etc., that show or describe naked people or sex in a very open and direct way in order to cause sexual excitement." *See* www.merriam-webster.com/dictionary (accessed March 14, 2014; definitions searchable from dictionary home page). "Unchaste" is defined as "lacking in chastity,"; "chastity" is defined as "the state of not having sex with anyone." *Id.* In the context of pornography, "hard-core" is also defined as "containing explicit descriptions of sex acts of scenes of actual sex acts." *Id.*

her career.[5] Plaintiff has appeared in at least thirty movies and has made twenty-three television appearances; she also, of course, performed regularly on her website, Danni's Hard Drive. Bolger Decl. Ex. G, Docket No. 21. As aptly summarized by Defendant:

> [Plaintiff's] movies include graphic sex scenes between women with full frontal nudity, masturbation, cunnilingus and bondage. In the video 'Danni Ashe's Office Christmas Sex Party,' for example, Ashe and three other women have several sexual encounters that culminate with all four women masturbating and performing cunnilingus on each other simultaneously. Ashe's other performances include bondage fetish moves, such as 'Leather Fetish,' in which Plaintiff kidnaps another woman who she then binds and spanks . . . [as well as] other short videos in which Ashe and other women masturbate, fondle and perform cunnilingus on each other.

*See, e.g.,* Bolger Decl. ¶¶ 7-9. To this day, a simple Google search for Plaintiff's stage name also produces links to dozens of videos depicting graphic sex acts similar to those described above.[6]

In short, Plaintiff's own allegations and the judicially-noticeable evidence provided to this Court show that Plaintiff repeatedly appeared naked and had sex with many partners in a very open and explicit way. Even if a reader could conclude that the Article implies Plaintiff worked as an unchaste hardcore adult film actress, that implication is not provably false.[7]

### III. Conclusion

Defendant's motion to dismiss would be GRANTED-IN-PART and DENIED-IN-PART for the reasons delineated above and previously explained by the Court. The dismissal as to the "hardcore" and "unchaste" aspects of Plaintiff's claims would be WITH PREJUDICE.

---

[5] *See Sobhani v. @Radical.Media Inc.*, 257 F. Supp. 2d 1234, 1235 n.1 (C.D. Cal. 2003) (taking judicail notice of the contents of the film *Castaway* and Jack-in-the-Box commercials); *Felix Cat Prods. Inc. V. New Line Cenemo*, No. CV-99-9339-FMC, 2000 U.S. Dist. LEXIS 21763, at *4 (C.D. Cal. Apr. 28, 2000) (taking judicial notice of the contents of the films *Pleasantville*).

[6] *See, e.g.,* https: // www.google.com/search?q =Danni+Ashe&ie=utf-8&oe=utf-8&aq=t&rls=org.mozilla: en-US:official&client=firefox-a.

[7] To the extent Plaintiff means to argue that having sex with men is unchaste whereas having sex with women is not, the Court would find that argument absurd. While identifying and delimiting hardcore versus softcore pornography is not always an exact science, the Court would hold that, in this case, no reasonable reader could interpret the Article's alleged implication as false.