LEOPOLD PETRICH & SMITH
LOUIS P. PETRICH
    lpetrich@lpsla.com
2049 Century Park E - Suite 3110
Los Angeles, CA 90067
Telephone: (310) 277-3333
Fax: (310) 277-7444

LEVINE SULLIVAN KOCH & SCHULZ, LLP
KATHERINE M. BOLGER (*pro hac vice*)
    kbolger@lskslaw.com
CAMERON STRACHER (*pro hac vice*)
    cstracher@lskslaw.com
321 West 44th Street, Suite 1000
New York, NY 10036
Telephone: (212) 850-6100
Fax: (212) 850-6299

Attorneys for Defendant
ASSOCIATED NEWSPAPERS LTD.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH MANZARI p/k/a DANNI ASHE,<br><br>                     Plaintiffs,<br><br>          vs.<br><br>ASSOCIATED NEWSPAPERS LTD; A&N MEDIA LIMITED; DMGT, PLC and DOES 1-20,<br><br>                     Defendants. | Case No. CV13-06830-GW(PJWx)<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY AND PROCEDINGS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:     March 31, 2014<br>Time:     8:30 a.m.<br>Ctrm:     10D<br><br>[Declaration of Katherine M. Bolger filed concurrently.]<br><br>Action Filed:  September 17, 2013 |

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on March 31, 2014, at 8:30 a.m., or as soon thereafter as counsel may be heard in the Court of the Honorable George Wu, Courtroom 10, located at 312 North Spring Street, Los Angeles, CA 90012-4701 Defendant ASSOCIATED NEWSPAPERS LTD. ("ANL" or "Defendant") will and hereby does move this Court for an order staying all discovery and proceedings in this Court during the pendency of ANL's interlocutory appeal to the Ninth Circuit from this Court's denial of ANL's Special Motion to Strike (the "anti-SLAPP Motion" or "Special Motion to Strike").

On February 3, 2014, this Court denied ANL's Special Motion to Strike under Cal. Code Civ. Pro. § 425.16. ANL filed its notice of appeal as of right on February 28, 2014.

The filing of the notice of appeal divests this Court of jurisdiction over those aspects of the case at issue in the appeal. Because the appeal may dispose of this action in its entirety, Defendant respectfully submits that its appeal requires a stay of all proceedings before this Court.

This Motion is based on this Notice; on the attached Memorandum of Points and Authorities; on the Declaration of Katherine M. Bolger; on all pleadings, files and records in this action; and on such other arguments as may be received by the Court.

For the foregoing reasons, Defendant respectfully requests that this Court grant its Motion to Stay.[1]

---

[1] Before bringing this motion, counsel for the parties conferred with the Court on March 20, 2014, as required by Local Rule 7-3.

1  DATED:  March 27, 2014

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEOPOLD PETRICH & SMITH LLP
LOUIS P. PETRICH

LEVINE SULLIVAN KOCH & SCHULZ, LLP
KATHERINE M. BOLGER*
CAMERON STRACHER*


By:   /s/ Katherine M. Bolger
      KATHERINE M. BOLGER

Attorneys for Defendant
ASSOCIATED NEWSPAPERS LTD.

* Admitted *pro hac vice*

# MEMORANDUM OF POINTS AND AUTHORITIES

## SUMMARY OF ARGUMENT

The appeal by Defendant Associated Newspapers Ltd. ("ANL") of this Court's denial of the Motion to Strike the Complaint of Plaintiff Leah Manzari (p/k/a Danni Ashe) pursuant to Cal. Code Civ. Pro. § 425.16 (the "Motion to Strike") invokes an automatic stay of the proceedings in this Court.  Defendant, therefore, respectfully requests that this Court issue an order staying all proceedings herein pending a decision on the appeal.

## BACKGROUND

### A.    Defendant's Dispositive Motions

On September 17, 2013, Plaintiff commenced this action asserting two causes of action, defamation and false light, arising out of the use of a stock photo of Plaintiff in an article published on the *Mail Online* informing readers that the adult film industry placed a moratorium on filming after an actress tested positive for HIV (the "Article").

On November 14, 2013, ANL filed its Motion to Strike pursuant to California's anti-SLAPP on the grounds that the Article was not of and concerning Ashe, that the Article did not convey the alleged defamatory implication that Ashe had HIV, and that Plaintiff could not establish the requisite actual malice to prevail on her claims.  *See* Mot. to Strike [Dkt. 20]; *see also* Mot. to Dismiss [Dkt. 17].[1] Defendant submitted declarations from the journalists involved in writing the Article in which they swore that they did not intend to convey the alleged defamatory implication relating to Plaintiff and, indeed, did not believe they had done so.  Nye

---

[1] Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) the same day.  By order dated March 21, 2014, this Court denied in part Defendant's Motion to Dismiss the Complaint to the extent it alleged that the Article accused Plaintiff of being HIV-positive and granted in part Plaintiff's Motion to Dismiss the Complaint to the extent it alleged that the Article accused Plaintiff of engaging in hardcore porn and/or being unchaste.  *See* Order *nunc pro tunc* [Dkt. 54].

1   Decl., ¶¶ 7-9 [Dkt. 22] ("I did not intend to imply that Plaintiff is the performer who
2   testified positive for HIV . . ."); Forbes Decl., ¶¶ 6-8 [Dkt. 23] (same).  Plaintiff
3   opposed the Motion but did not seek discovery.  *See* Opp. to Mot. to Strike [Dkt. 29].

4   **B.**   **The Court's Orders Denying the Motion to Strike**

5          The Court held a hearing on the Motion to Strike on January 16, 2014, at
6   which time the Court issued a tentative ruling (the "Tentative") denying the Motion
7   to Strike.[2]  First, the Court found that because of the "prominence of Plaintiff's photo
8   and the overarching headline," the Article "could reasonably be interpreted as
9   referring to Plaintiff."  *See* Tentative at 7 [Dkt. 36].  Second, the Court found that the
10  juxtaposition of the photo and the headline "could reasonably imply the defamatory
11  meaning that Plaintiff . . . tested positive for HIV."  *Id.* at 8.  Third, the Court found
12  sufficient facts supporting actual malice, *i.e.*, that ANL knew that the implication was
13  false or acted with reckless disregard as to whether it was false or not.  *Id.*

14         By order dated February 3, 2014, the Court formally denied Defendant's
15  Motion, adopting the reasoning of the Tentative and also concluding that "a jury
16  could reasonably conclude that those who created the Article intended to convey the
17  [defamatory] impression."[3]  *See* Court Order at 2 [Dkt. 37] ("February 3 Order").  In
18  analyzing whether Defendant intended to make the defamatory implication, the Court
19  rejected Defendant's reliance on *Dodds v. American Broadcasting Co.*, 145 F.3d
20  1053 (9th Cir. 1998) and *Newton v. National Broadcasting Co.*, 930 F.2d 662 (1990).
21  *Id.* at 2.  The Court further found that the Article "was based primarily on *other* news
22  stories about an HIV positive performer, none of which remotely suggested that the
23  performer in question was or could possibly be the Plaintiff."  *Id.* at 2 n.2.  Finally,
24  the Court concluded that there was circumstantial evidence to suggest that Defendant

25

26  _____

27    [2] Bolger Decl., Ex. A.

28    [3] *Id.*, Ex B.

1  intended the defamatory implication here because of ANL's "totality of the choices
2  and admissions." *Id*. at 2.

3       On February 28, 2014, Defendant filed a timely notice of appeal of the denial
4  of the Motion to Strike to the U.S. Court of Appeals for the Ninth Circuit.

5  **C.**     **The Request to Stay All Proceedings**

6       On March 20, 2014, the parties attended a telephone conference at which
7  counsel for Defendant requested permission to move to stay proceedings in this
8  Court, arguing that the interlocutory appeal of the Motion to Strike required the
9  Court to do so.  This Court issued a temporary stay of these proceedings pending a
10 decision on that application and ordered Defendant to file a motion to stay these
11 proceedings to be discussed at a hearing on March 31, 2014.  *See* Telephonic Status
12 Conference [Dkt. 53].

**ARGUMENT**

**ALL PROCEEDINGS SHOULD BE STAYED**

15      This Court should stay all proceedings in this action pending a decision on the
16 appeal of Defendant's Motion to Strike.  In fact, an automatic stay should apply
17 because the appeal divests this Court of jurisdiction to proceed with all aspects of the
18 action that are now before the Court of Appeals.

19 **A.**     **Appeals from Anti-SLAPP Denials Divest Lower**
20      **Courts of Jurisdiction Over Claims Subject to the Appeal**

21      It is settled that the "filing of a notice of appeal is an event of jurisdictional
22 significance – it confers jurisdiction on the court of appeals and divests the district
23 court of its control over those aspects of the case involved in the appeal."  *Griggs v.*
24 *Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 402, 74 L. Ed. 2d
25 225 (1982).

26      For this reason, several district courts in the Ninth Circuit have held that the
27 appeal of a denial of a motion to strike "imposes an automatic stay of all proceedings
28 related to the issues raised in its anti-SLAPP motion to strike." *In re NCAA Student-*

*Athlete Name & Likeness Litig.*, No. C 09-1967 CW, 2010 WL 5644656, at *3 (N.D. Cal. Dec. 17, 2010)[4]; *see also Concept Therapeutics, Inc. v. Rothschild*, No. C 07-03795 JW, slip op. at 3 (N.D. Cal. June 12, 2008) ("[T]he perfecting of an appeal from the denial of an anti-SLAPP motion to strike automatically stays all further proceedings on the merits" (citing *Varian Med. Sys., Inc. v. Delfino*, 35 Cal. 4th 180, 25 Cal. Rptr. 3d 298 (2005))[5]; *Makaeff v. Trump Univ., LLC*, No. 10-CV-940-IEG (WVG), 2011 WL 613571, at *2 (S.D. Cal. Feb. 11, 2011) (granting stay pending appeal of anti-SLAPP counterclaim)[6]; *All One God Faith, Inc. v. Hain Celestial Grp., Inc.*, No. C 09-03517 JF (HRL), 2009 WL 4907433, at *2 n.2 (N.D. Cal. Dec. 14, 2009) ("The appeal of a ruling on an anti-SLAPP motion imposes an automatic stay of all further trial court proceedings on the merits.")[7]; *Moser v. Encore Capital Grp., Inc.*, No. 04-CV-2085 LAB (WMC), 2007 WL 1114113, at *4 (S.D. Cal. Mar. 27, 2007) ("[P]ermitting the proceedings to continue against . . . Anti-SLAPP [d]efendants runs the risk of rendering the appeal moot by eliminating the need for immunity from suit.")[8].

Indeed, a review of dockets and orders of multiple district courts sitting in California shows that whether by foregone conclusion, motion of the parties, or otherwise, district courts in California stay all proceedings pending appeals of anti-SLAPP motions as a matter of course:

- In *SkyBanr Media Group v. Generation Capital Associates*, Judge King of the Central District of California denied as moot defendant

---

[4] *Id.*, Ex. C.

[5] *Id.*, Ex. D.

[6] *Id.*, Ex. E.

[7] *Id.*, Ex. F.

[8] *Id.*, Ex. G.

Generation Capital's special motion to strike on August 5, 2003. *See* Bolger Decl., Ex. H [*SkyBanr* Dkt. 38]. Thereafter, Judge King issued an order explaining that "inasmuch as Defendant's have filed an interlocutory appeal to the Ninth Circuit Court of Appeals pursuant to 8 U.S.C. § 1291, we are divested of subject matter jurisdiction pending the appeal." *Id.* [*SkyBanr* Dkt. 46]; *id.*, Ex. I.

- In *Zamani v. Carnes*, Judge Whyte of the Northern District of California denied defendants' motion to dismiss or strike plaintiffs' complaint on December 1, 2004. Bolger Decl., Ex. J [*Zamani* Dkt. 49]. On March 14, 2005, Judge Whyte granted defendants' motion to stay the proceedings pending appeal because the "appeal stems from the denial of the special motion to strike and the merits of all of plaintiffs' claims in the present action are affected by defendants' special motion to strike." *Id.* [*Zamani* Dkt. 85]; *id.*, Ex K at 2.

- In *Concept Therapeutics, Inc. v. Rothschild*, Judge Ware of the Northern District of California denied defendant's motion to strike on March 31, 2008. Bolger Decl., Ex. L [*Rothschild* Dkt. 95]. On April 16, 2008, defendant filed a notice of appeal, *id.* [*Rothschild* Dkt. 96], and shortly thereafter a motion to stay, *id.* [*Rothschild* Dkt. 100]. On June 12, 2008, Judge Ware stayed all proceedings in the district court: "proceeding with the case on the merits while such an appeal is pending would be inconsistent with the appeal." *Id.* [*Rothschild* Dkt. 113]; *id.*, Ex. D at 3.

- In *Greater Los Angeles Agency on Deafness, Inc. v. Time Warner, Inc.*, Magistrate Judge Beeler denied defendant CNN's motion to strike on March 23, 2012. Bolger Decl., Ex. M [*Time Warner* Dkt. 46]. On April 10, 2012, CNN filed a notice of appeal. *Id.* [*Time Warner* Dkt. 47]. On May 17, 2012, plaintiff filed a motion to set the matter for an initial case

management conference.  *Id.* [*Time Warner* Dkt. 53].  CNN filed an opposition to that motion, explaining, "District Courts in the Ninth Circuit have repeatedly held that district court proceedings related to anti-SLAPP Motions are ***automatically stayed*** upon an appeal of the denial of such a motion."  *Id.* [*Time Warner* Dkt. 54], Ex. N at 3.  The court agreed with CNN: "District courts stay all litigation pending appeal in cases like this."  *Id.* [*Time Warner* Dkt. 58], *id.*, Ex O at 2.[9]

And it is clear that these cases are consistent with the way in which the Ninth Circuit has discussed appeals from the denial of a motion to strike.  In *Batzel v. Smith*, 333 F.3d 1018, 1025 (9th Cir. 2003), for example, the Ninth Circuit concluded that an anti-SLAPP motion is in the "nature of immunity" from suit and is designed to protect defendants from the expense of litigating a case, not just relief from liability.  *Id.* at 1025.  Or, as the California Supreme Court put it, "[t]he point of the anti-SLAPP statute is that you have a right not to be dragged through the courts because you exercised your constitutional rights."  *Varian Med. Sys., Inc.*, 35 Cal. 4th at 193, 25 Cal. Rptr. 3d at 308 (internal marks and citations omitted).

Moreover, in another case, Judge Alsup in the Northern District of California denied the defendant's motion to stay, holding instead that "the appeal did not divest this Court of jurisdiction to rule on pretrial and case-management issues, including discovery."  *Schering Corp. v. First Databank, Inc.*, No. C 07-01142 WHA, 2007 WL 1747115, at *4 (N.D. Cal. June 18, 2007)[10].  The defendant brought writs of mandamus and prohibition in the Ninth Circuit, and the Ninth Circuit issued a stay of the proceedings in the district court pending the resolution of the writs.  *See In re*

---

[9] Defendant respectfully requests that the Court take judicial notice of these public records attached for the Court's convenience to the Declaration of Katherine M. Bolger.  *See* Bolger Decl.; *see also Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n. 3 (9th Cir. 2005) (taking judicial notice of public records).

[10] Bolger Decl., Ex. P.

1    *First Databank, Inc.*, No. 07-72455, 2007 WL 5189859, at *1 (9th Cir. June 22,

2    2007)[11]. While the matter resolved shortly thereafter, the decision of the Ninth

3    Circuit to stay the proceedings when Judge Alsup would not do so is certainly

4    indicative of its thinking on the subject.

5          Here, there is no question that the merits of all of Plaintiff's claims are affected

6    by the appeal.  If the Ninth Circuit reverses this Court, the matter is disposed of in its

7    entirety.  For that reason, this Court has been divested of jurisdiction, and this Court

8    should stay all further proceedings pending a decision on the appeal.

9    **B.    ANL's Appeal Is Not Frivolous**

10         The lodging of a notice of appeal does not stay district court proceedings

11   where the appeal itself is frivolous.  *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir.

12   1992).  An appeal is frivolous only where it is "wholly without merit."  *United States*

13   *v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 (9th Cir. 2002).  In short, the bar that

14   must be cleared to show that an appeal is frivolous is "quite high."  *Encore Capital*

15   *Grp.*, 2007 WL 1114113, at *3.

16         ANL's appeal is not frivolous.  As explained in its prior pleadings, ANL's

17   Article addressed a matter of public concern, *i.e.*, a health crisis in the adult film

18   industry that was intertwined with a recent California ballot measure, which makes

19   Ashe's claim subject to California's anti-SLAPP statute.  *See* Mot. to Strike at 8-11

20   [Dkt. 20].  As such, the burden shifts to Plaintiff to show that she has a probability of

21   succeeding on the merits.  *Id.* at 11.  Defendant's contention that Plaintiff cannot

22   meet this burden is well grounded, asserted in good faith, and far from frivolous.

23   Defendant intends to raise multiple arguments on appeal that merit review, including

24   but not necessarily limited to:

25

26

27   _____

28        [11] *Id.*, Ex. Q.

1    First, the Article is not of and concerning Plaintiff, because when read in
2  context it is clear that the Article focused on an unidentified female and the photo
3  was merely a stock photo used for illustrative purposes.  *See* Mot. to Strike at 12
4  [Dkt. 20]; *see also* Mot. to Dismiss at 7-10 [Dkt. 17].  In such contexts, courts have
5  often refused to find that the articles were of and concerning the plaintiff.  Mot. to
6  Dismiss at 9-10 [Dkt. 17] (listing cases).

7    Second, Plaintiff cannot establish a probability that she will meet her burden as
8  a public figure[12] of showing "that [ANL] 'intended to convey the defamatory
9  impression.'"  *Dodds*, 145 F.3d at 1063-64 (citation omitted).  In deciding she had
10 done so, this Court emphasized that Defendant's intent to defame Plaintiff was
11 evident from the context of the Article itself.  *See* February 3 Order at 2 [Dkt. 37].
12 The law is clear though that more is required to support a defamation by implication
13 claim than the context reasonably suggesting the implication.  *Dodds*, 145 F.3d at
14 1063-64.  Instead, a plaintiff must show that a defendant *actually intended* to convey
15 the defamatory implication.  *Id.* (emphasis added).  But the only evidence in front of
16 the Court, the declarations of the journalists, conclusively established that there was
17 no such intent.  *See* Nye Decl., ¶¶ 7-9 [Dkt. 22] ("I did not intend to imply that
18 Plaintiff is the performer who testified positive for HIV . . ."); Forbes Decl., ¶¶ 6-8
19 [Dkt. 23] (same).

20   Third, the Article is not susceptible of the defamatory meaning alleged.  When
21 read in context, the Article clearly explains in close proximity to the alleged
22 defamation that the performer was not immediately identified.  Mot. to Strike at 16
23 [Dkt. 20].  Defendant respectfully submits that the Court erred in finding defamatory
24 meaning by relying on cases that are factually distinct from the context of Plaintiff's
25 claim or support Defendant's position.  *See* Tentative at 8 [Dkt. 36] (citing *Price v.*

26
27     [12] The Court did not decide whether Plaintiff was a public figure.  *See*
   Tentative at 7 [Dkt. 36].
28

1   *Stossel*, 620 F.3d 992, 1003 (9th Cir. 2010) (finding nothing in broadcast reasonably

2   implying that plaintiff committed a crime); *Kaelin v. Globe Commc'ns Corp.*, 162

3   F.3d 1036, 1040-41 (9th Cir. 1998) (entire context did not dispel defamation where

4   the clarification was "17 pages away from" the allegedly defamatory statement)).

5         Fourth, Plaintiff's false light claims are also subject to Defendant's Motion to

6   Strike because they are duplicative of her infirm defamation claim and subject to the

7   same constitutional rigors.  *See* Mot. to Strike at 22-23 [Dkt. 20].  Nonetheless, the

8   Court found in its Tentative that ANL "in its Reply . . . argue[d] for the first time that

9   the false light claim must be stricken because it is duplicative of the defamation

10  claim."  Tentative at 7 n.6 [Dkt. 36].  Therefore, the Court "decline[d] to consider

11  this argument."  *Id.*  But, ANL did raise this argument in its initial Motion to Strike.

12  *See* Mot. to Strike at 23 [Dkt. 20] (noting that a false light claim based on the same

13  statements as a defamation claim is "superfluous and should be dismissed" and

14  noting that Plaintiff's false light and libel claims were "based on identical facts").

15        Each of these contentions raises a significant, substantial issue of law, the

16  outcome of which will impact Defendant's exercise of its First Amendment rights.

17  Even if the Court believes the appeal will likely be unsuccessful, it presents multiple,

18  independent and non-frivolous arguments for reversal.

19

20

21

22

23

24

25

26

27

28

MOTION TO STAY DISCOVERY
AND PROCEEDINGS                              9

## CONCLUSION

This lawsuit involves ANL's rights of freedom of expression regarding a matter of public interest.  Defendant has appealed the denial of its Motion to Strike because it respectfully believes that the claims advanced are properly subject to California's anti-SLAPP statute and Plaintiff has not carried her burden of showing a probability of succeeding on the merits.  This appeal should automatically stay all discovery and other proceedings in this Court relating to matters that are subject to ANL's appeal, and ANL therefore respectfully requests that the Court grant its Motion to Stay.

DATED:  March 27, 2014            LEOPOLD PETRICH & SMITH LLP
                                  LOUIS P. PETRICH

                                  LEVINE SULLIVAN KOCH & SCHULZ, LLP
                                  KATHERINE M. BOLGER*
                                  CAMERON STRACHER*


                                  By: __/s/ Katherine M. Bolger_____
                                       KATHERINE M. BOLGER

                                  Attorneys for Defendant
                                  ASSOCIATED NEWSPAPERS LTD.

                                  * Admitted *pro hac vice*